NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 21, 2010*
Decided October 29, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 10-2472 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ROBERT A. BURKE,<br>　　*Petitioner-Appellant,* | |
| **v.** | No. 09 C 2107<br>Rebecca R. Pallmeyer, *Judge.* |
| UNITED STATES OF AMERICA,<br>　　*Respondent-Appellee.* | |

**Order**

Robert Burke contends in this collateral proceeding under 28 U.S.C. §2255 that he received the ineffective assistance of counsel on direct appeal when his lawyer, who presented nine issues, omitted a tenth: Whether the district judge erred in disqualifying Thomas Durkin as trial counsel, because of the likelihood that Durkin would be called as a witness. Burke contends that his appellate lawyer (Durkin himself) should have argued that the district judge erred in declining to accept Burke's offer to waive the conflict of interest.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court concluded that, even if Durkin should have raised this issue on appeal, Burke did not suffer prejudice because it was a losing contention. (The same rationale shows that Durkin met the "performance" part of the constitutional test, for omitting an issue on appeal is "ineffective assistance" only if the omitted issue is materially stronger than those included.) The district judge relied on *Wheat v. United States*, 486 U.S. 153 (1988), which holds that judges have discretion to reject proposed waivers, if the lawyer's conflict of interest would unduly affect the trial. The district court's explanation is thorough, and we affirm substantially for the reasons the district judge gave. Burke's opening brief does not mention *Wheat*, and the reply brief's single mention of that decision is too late, as well as too little.

This conclusion makes it unnecessary to discuss the other issues that the parties have debated.

AFFIRMED